
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LANA V. ROBERTSON, | No. 15-35304 |
| Plaintiff - Appellant, | D.C. No. 9:14-cv-00224-DWM |
| v. | |
| BLUE CROSS AND BLUE SHIELD OF TEXAS, INC. And STALLION OILFIELD HOLDINGS, INC., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Senior District Judge, Presiding

Argued and Submitted August 31, 2015
Seattle, Washington

Before: GOODWIN, GOULD, and IKUTA, Circuit Judges.

Lana V. Robertson appeals from the district court's grant of summary

judgment in favor of Blue Cross and Blue Shield of Texas (Blue Cross) and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Stallion Oilfield Holdings, Inc. (Stallion). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not err in reviewing Blue Cross's decision to deny benefits for an abuse of discretion because Robertson's employer-sponsored health benefits plan (the Plan) unambiguously provides discretion to Blue Cross. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc). The Plan states that "the Claims Fiduciary [Blue Cross] . . . will . . . have final discretionary authority to (i) administer, enforce, construe, and construct the Plan . . . (ii) make decisions relating to all questions of eligibility to participate and (iii) make a determination of benefits . . . ." The Plan further provides that such interpretations and determinations "will be final and conclusive on all persons and entities subject only to the claims appeal provisions of the Plan." Because these provisions establish that Blue Cross has authority to construe the terms of the Plan and to determine eligibility for benefits, they are "sufficient to vest discretion in [Blue Cross]." *See id.* at 965. Moreover, Blue Cross actually exercised its authority when it denied Robertson's request for benefits. *Cf. Jebian v. Hewlett-Packard Co. Emp. Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1105–06 (9th Cir. 2003). Accordingly, abuse of discretion review applies. *See Abatie*, 458 F.3d at 965. We reject Robertson's argument that Blue Cross lacks final authority to

2

render benefits decisions because nothing in the Plan requires Stallion to review a benefits decision before it becomes final. Because Blue Cross is not a source of funding for the Plan, there is no inherent conflict of interest that would have an effect on our standard of review. *See Abatie*, 458 F.3d at 965 & n.5, 966.

The district court did not err in granting summary judgment in favor of Blue Cross and Stallion. A court must interpret the terms of an ERISA plan "in an ordinary and popular sense as would a person of average intelligence and experience." *Gilliam v. Nev. Power Co.*, 488 F.3d 1189, 1194 (9th Cir. 2007) (citation and alteration omitted). The Plan states that benefits "are not available for . . . [a]ny Experimental/Investigational services and supplies" and that "[t]reatment provided as part of a clinical trial or a research study is Experimental/Investigational." Blue Cross reasonably interpreted this language to exclude from coverage treatment provided as part of a clinical trial. Because it is undisputed that Robertson is seeking coverage for treatment provided as part of a phase three clinical trial, Blue Cross did not abuse its discretion in interpreting the Plan as excluding coverage for the treatment. *See id.* Given the clarity of the applicable exclusion, "[w]e cannot say . . . that [Blue Cross's] interpretation of [the Plan] is not reasonable, even when examined in the context of" the Plan as a whole, evidence that the treatment may be medically necessary, and Texas law.

*See McDaniel v. Nat'l Shopmen Pension Fund*, 817 F.2d 1370, 1374 (9th Cir. 1987). Nor is the plain language of the Plan inconsistent with the ERISA regulation cited by Robertson. *See* 29 C.F.R. § 2560.503-1(h)(3)(iii).

Because in both its second and final denial letters, Blue Cross denied coverage for the requested treatment on the ground that the treatment is part of a phase three randomized clinical trial and is therefore investigational, we reject Robertson's argument that Blue Cross denied coverage on a different and unsupportable ground. In light of this conclusion, we need not address Robertson's argument that Blue Cross erred in relying on the HCSC Medical Policy to conclude that the requested treatment is also experimental or investigational under the Plan because it is not "standard medical treatment." Finally, even if the "reasonable expectations" doctrine applies to self-funded plans, such as the Plan, *see Scharff v. Raytheon Co. Short Term Disability Plan*, 581 F.3d 899, 905–06 (9th Cir. 2009), Robertson could not have a reasonable expectation that she would receive coverage for the requested treatment because the clinical trial exclusion is sufficiently clear and conspicuous in the Plan, *see Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404, 411–12 (9th Cir. 1995).

While this is a sympathetic case, Robertson is not entitled to receive the coverage she seeks from Blue Cross and Stallion because it is not required by the

4

plain language of the Plan as reasonably interpreted by Blue Cross. Blue Cross and Stallion may be able to authorize the coverage in an exercise of discretion, but the Plan does not require them to do so.

**AFFIRMED.**